**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AQUARIUS WELL DRILLING INC.; RAY WILLIAMSON; SHARON WILLIAMSON, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> AMERICAN STATES INSURANCE COMPANY, <br><br> Defendant - Appellee. | No. 13-15040 <br><br> D.C. No. 2:12-cv-00971-MCE-CMK <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., Chief District Judge, Presiding

Submitted February 11, 2015[**]
San Francisco California

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: SCHROEDER and SILVERMAN, Circuit Judges, and HUCK, Senior District Judge.***

California corporation Aquarius Well Drilling, Inc. ("Aquarius"), along with its sole shareholders Ray and Sharon Williamson (collectively "Appellants"), appeal the dismissal of their claims against American States Insurance Company ("Appellee") for its alleged failure to defend Aquarius against a third-party lawsuit. Because Appellee had no duty to defend, the district court properly dismissed Appellants' claims under Federal Rule of Civil Procedure 12(b)(6). *See Gray v. Zurich Ins. Co.*, 65 Cal. 2d 263, 275 & n.15 (1966).

Appellants' policy obligated Appellee to defend against claims for "property damage" caused by an "occurrence," which is defined as an "accident." The negligence claim against Aquarius alleged that Aquarius performed an inadequate well test and therefore misrepresented the condition of the well. All of Aquarius's alleged conduct was intentional. Under California law, intentional acts are not "accidents" unless "some additional, unforeseen, unexpected, and independent happening" occurs which causes the damage. *Merced Mutual Ins. Co. v. Mendez*, 213 Cal. App. 3d 41, 50 (Ct. App. 1989). The allegations against Aquarius failed to indicate any such happening caused the claimed damage.

---

*** The Honorable Paul C. Huck, Senior United States District Judge for Southern Florida, sitting by designation.

2

That Appellants did not subjectively intend to be negligent is irrelevant, since Appellants' conduct in testing the well and reporting the results was deliberate. *See Delgado v. Interins. Exchange of Auto. Club of S. Cal.*, 47 Cal. 4th 302, 311 (2009); *Fire Ins. Exchange v. Superior Ct.*, 181 Cal. App. 4th 388, 393 (Ct. App. 2010) ("The insured's subjective intent is irrelevant."). The inaccurate report was not a fortuitous event, but a direct and natural consequence of the well test. *See Ray v. Valley Forge Ins. Co.*, 77 Cal. App. 4th 1039 (Ct. App. 1999) (holding no accident where roofer negligently recommended unsuitable materials because the recommendation was intentional even if roofer did not intend to convey bad advice nor intend the resulting consequences); *see also Merced*, 213 Cal. App. 3d at 50 (noting accident requires that both the means and consequences be involuntary, unexpected, unusual, and unforeseen).

Moreover, the allegations of negligent misrepresentation created no possibility of coverage. California law precludes insurance coverage for willful wrongdoing such as fraud, and treats negligent misrepresentation as a subspecies of fraud. *See Dykstra v. Foremost Ins. Co.*, 14 Cal. App. 4th 361, 366 (Ct. App. 1993). Because neither claim presents a potentially covered "occurrence" within the meaning of Appellants' policy, Appellee had no duty to defend.

In the absence of a duty to defend, derivative claims premised on the alleged breach of that duty fail. *See Waller v. Truck Ins. Exchange, Inc.*, 11 Cal. 4th 1, 36 (1995). The district court therefore did not err by dismissing Appellants' derivative claims.

**AFFIRMED**.